**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>2999TC ACQUISITIONS, LLC,<br><br>Debtor. | BANKRUPTCY CASE NO.<br><br>21-31954-SWE-11 |
| COURTNEY C. THOMAS,<br><br>Movant,<br><br>vs.<br><br>PHELANLAW,<br><br>Respondent | CIVIL ACTION NO.<br><br>3:25-CV-1949-X |

**REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

PHELANLAW, a creditor of the Debtor in the above captioned case, files this Reply (the "Reply") to Receiver's Response in Opposition to Motion for Summary Judgment (the "Response") in the above styled and numbered cause filed by Cortney C. Thomas as receiver (the "Receiver") for 2999TC Acquisitions, LLC (the "Debtor" or "2999TC"), and represents:

1. This Reply will address the arguments of the Receiver in the Response and will attempt to not duplicate arguments made in PHELANLAW's Motion for Summary Judgment (the "MSJ"). Some overlap is inevitable.

2. The Receiver filed his Motion for Final Decree (the "Decree Motion") on June 14, 2023 (Dkt. No. 307). Attached to the Decree Motion is a copy of a *Verified Motion to*

*Approve Settlement Agreement* (the "Settlement Motion") filed in the Receivership Case[1] in which the Receiver states that he has received, or will receive, $2,500,000.00 (the "Settlement Funds") from HNGH Turtle Creek, LLC ("HNGH") in a settlement of the following three disputes: (1) the ownership and rightful possession of the Property ("Dispute #1"); (2) the amount due to HNGH under the Loan Documents ("Dispute #2"); and (3) claims and causes of action the Receiver may have possessed against HNGH on behalf of the Receivership Entities and their respective estates ("Dispute #3").[2] Tellingly, the Reply doesn't even discuss Disputes ## 1 and 2 although in the Settlement Motion, and throughout his pleadings, the Receiver said that those were the three disputes that were the subject of the Settlement Motion. He now pretends that they don't exist.

3. The Settlement Motion resulted in the settlement (the "Settlement") of $2,500,000 (the "Settlement Fund"). On June 14, 2023, the Receiver filed the Final Decree Motion. PHELANLAW filed an objection to the relief requested by the Receiver. The Final Decree Motion has been removed to this Court for resolution. PHELANLAW then filed the MSJ seeking denial of the Final Decree Motion because the Settlement Funds belong to the 2999TC estate.

4. The Receiver contends that the MSJ does not comply with Federal Rule of Civil Procedure 56 because it is not supported by a proper Rule 56 record. That is not accurate. The MSJ is supported by the record that is already before this Court consisting of the Receiver's admissions in his pleadings and documents of the Receiver previously presented to this Court, all of which is specifically cited in the MSJ. For purposes of the MSJ, there is no additional summary judgment evidence to be presented, and the Receiver has not identified ANY additional relevant

---

[1] Case No. 3:22-CV-2118-X in the U.S. District Court for the Northern District of Texas.

[2] See p. 8, paragraph 25 of the Motion to Approve Settlement Agreement attached as Exhibit A to the Motion for Final Decree. The Debtor is one of the "Receivership Entities".

documents or evidence. In fact, in footnote number 1 in the Response the Receiver appears to admit that this case can be resolved on the existing record:

> "The Receiver respectfully submits that the existing record, including the Final Decree Motion, the objections, the Receiver's omnibus reply, and the underlying bankruptcy and receivership docket, provides a sufficient factual and legal basis for the Court to grant the Motion for Entry of Final Decree. To the extent the Court concludes that any additional factual development is necessary, the appropriate course would be to set the Final Decree Motion for an evidentiary hearing limited to any discrete factual issues the Court identifies."

5. On page 10 of the Response the Receiver admits "At this stage, the matter is ready for decision on the fully developed record that already exists." Not only did the Receiver not produce any additional relevant summary judgment evidence, he failed to even state or speculate what additional evidence would exist. Unlike *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013), cited by the Receiver, there is zero evidence of contradictory facts submitted by the Receiver. The relevant admissible facts are the admissions by the Receiver contained in his own pleadings and documents.

6. Other than attempting to mischaracterize the MSJ as something else, the Receiver has not demonstrated that the MSJ is procedurally improper. The MSJ complies with Rule 56.

7. Puzzlingly, the Receiver contends that PHELANLAW has not identified "a discrete claim or defense ripe for judgment". PHELANLAW wants the Decree Motion to be denied. The MSJ makes that clear.

8. The Receiver seems to contend that the Settlement is solely attributable to alleged fraudulent transfers of Affiliates (the "Affiliates") of the Debtor. The Documents say otherwise and the Receiver repeatedly stating that contention doesn't make it accurate. There is no allocation of Settlement Funds in the summary judgment evidence. In fact, the statement of the Receiver in the Settlement Motion that it would be "potentially impossible" to recover the transfers of the

Affiliates is the only reference to any sort of allocation and supports the position of PHELANLAW that the Settlement Funds belong to the 2999TC estate.

9. The settlement agreement that is the subject of the Settlement Motion (the "Settlement Agreement") settled Disputes ♯1 ♯2 and ♯3. Disputes ♯1 and ♯2 obviously belong to 2999TC. The Receiver admits that only $3.95 million of the $4.735 million dollars[3] of Transfers at issue in Dispute ♯3 were paid by Affiliates of the Debtor.

10. The remaining amounts were transfers by the Debtor, and the Settlement Agreement settles all contested "Transfers", including those made by the Debtor, as well as Disputes ♯1 and ♯2, which are not even claimed by the Affiliates. That's what the pleadings and documents attached to the Settlement Motion, say, and the Receiver cannot change those facts by continually repeating that the Affiliates own everything. As detailed in the MSJ, the uncontested documents say otherwise.

11. Other than labeling the PHELANLAW calculations as "crude" the Receiver has presented zero summary judgment evidence that the calculations are not accurate. The calculations are based on the Receiver's own numbers and statements.

12. PHELANLAW is not questioning the Settlement approved by this Court. The words in the Settlement and the Settlement Motion support the positions taken by PHELANLAW.

13. The Receiver's belated statements in the Response that "…the Debtor's prior asserted ownership of the Property and loan balance arguments were meritless and contributed nothing in terms of settlement value" are contradictory to his own evidence.[4]

---

[3] The Settlement Agreement includes $6.2 million of "Transfers" as settled.
[4] Detailed in the MSJ.

14. According to the Receiver, only 83% of the total payments came from Affiliates. He admits, however, that all those payments were pursuant to court orders, and almost certainly aren't recoverable under applicable law. He admits in his Settlement Motion "After an extensive investigation, the Receiver has determined that there are significant, potentially impossible hurdles to unwinding the bankruptcy court's Agreed Orders."[5]

15. Even if the payments by the Affiliates were recoverable, only $3.95 million of the total came from the Affiliates (83%), which leaves at least 17% ($425,000) of the total $4.735 million payments attributable to 2999TC and constitutes property of the Debtor. That's just for the claimed fraudulent transfers of Dispute ♯3.

16. The MSJ can be granted on the existing record. If the MSJ is denied, the Receiver must disclose and justify how those $3.95 million payments by the Affiliates were booked. The alternative potential entries and results are described in the MSJ.

17. The Receiver's Dispute #1, the ultimate ownership of the property, is property of the Debtor. The Receiver's Dispute #2 argument, how much was owed HNGH by the Debtor, is also property of the Debtor. Neither can be claimed by the Affiliates. The Settlement Agreement settled **ALL** of the Disputes, not just Dispute ♯3, which the Receiver admits was "potentially impossible" and not recoverable.

18. The Receiver's own pleadings and the Settlement documents show that Disputes ♯1, ♯2 and ♯3 were all the subject of the Settlement. Dispute ♯3 included all of the alleged "Transfers", including those of the Debtor alleged by the Receiver. In fact, this Court denied the request of HNGH for this Court to immediately determine ownership of the Property, which is the

[5] Which makes them probably worthless.

subject of Dispute ♯1, and which was contested and ultimately settled by the Settlement Agreement.

19. The Receiver contends that any "post-petition" transfers by the Debtor pursuant to agreed court orders were not avoidable transfers, but the enforceability of those orders was contested by the Receiver in his own pleadings. Whatever the merits of those claims, those orders were contested and covered by the broad and inclusive language of the Settlement Agreement. The Receiver's own pleadings state that the payments by the Affiliates were also subject to the same defense. Contrary to the position of the Receiver, the ONLY pending litigation against HNGH was brought in the Bankruptcy Court BY THE DEBTOR, not the Receiver. Indeed, The Settlement Motion states that it relates to the efforts of the Receiver to resolve stayed litigation with HNGH in the Bankruptcy Case.

20. In his pleadings the Receiver states: "Indeed, none of the transfers to HNGH that the Receiver alleges were fraudulent were paid by the Debtor". This is not accurate since the Receiver admits that only $3.95 million of the total of $4.735 million alleged fraudulent transfers were paid by the Affiliates.[6]

21. The actual Settlement Agreement indicates that the Receiver was asserting that the alleged fraudulent transfers asserted by the Receiver, included ALL of the Transfers, including those made by the Debtor.

22. This conclusion is confirmed by the last recital paragraph of the Settlement Agreement which states:

---

[6] Page 5 of the Settlement Agreement states: "**WHEREAS**, the Receiver filed his *Second Status Report* [Docket No. 139] on January 30, 2023. In that report, the Receiver reiterated his position regarding the Property and detailed his investigation into alleged fraudulent transfers. The alleged fraudulent transfers total approximately $6.2 million dollars but include transfers from the Debtor and payments made pursuant to the Forbearance Agreement and the Agreed Orders (the "**Transfers**")."

> "During the Mediation, the Parties, with the assistance of an experienced retired bankruptcy judge, extensively negotiated at arm's length and in good faith and now desire to enter into this Settlement Agreement to resolve and confirm, with certainty, all issues regarding the ownership of the Property, the Receiver's occupation of the Property, the validity of the Transfers, and all other claims and causes of action that could be asserted by the Receiver and the Receivership Entities against HNGH, and all claims and causes of action that could be asserted by HNGH against the Receiver and Receivership Entities;"

23. Consequently, the actual Settlement Agreement settles ALL of the "Transfers" alleged by the Receiver, including those made by the Debtor (Dispute ♯3) as well as Disputes ♯1 and ♯2.[7] Since the Debtor is one of the "Receivership Entities", even the settlement of Dispute ♯3 included the Debtor.

24. The Settlement Agreement settled much more than the "state-law, post-petition avoidance causes of action". Contrary to the statements of the Receiver, the Debtor does have assets, its interest in the Settlement Fund.

25. This case should not be closed until creditors of the Debtor are paid from the Settlement Funds in accordance with a determination by this Court of the amounts of such claims. The Receiver wants this Court to believe that all the Settlement Funds belong to the Receiver and should be thrown in a big pile with other collections from the Affiliates. That's not consistent with the documents, ignores the separate legal existence of the Debtor, and is not supported by the pleadings, or the law. The Receiver has provided no summary judgment evidence to support a claim of alter ego, piercing the corporate veil, substantive consolidation, or any other theory to disregard the separate legal status of 2999TC. In fact, disregarding separate entities is directly contrary to the fraudulent transfer allegations by the Receiver in connection with the Settlement. If the separate entities are disregarded, the transfers were for the collective benefit of the consolidated receiverships.

---

[7] The recital paragraphs are included in the Settlement Agreement.

26. There are no contested material facts since all the relevant facts are contained in the documents and pleadings of the Receiver, and the Receiver is estopped from contending otherwise.

WHEREFORE, PREMISES CONSIDERED, PHELANLAW asks this Court to deny the Motion for Final Decree, determine the claims against this Debtor, and grant PHELANLAW such other and further relief as is just.

Dated: March 3, 2026

Respectfully submitted,

*/s/ Robin Phelan*

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Telephone: (214) 704-0222
robin@phelanlaw.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Charlene C. Koonce
charlene@brownfoxlaw.com
C. Alan Carrillo
alan@brownfoxlaw.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Robin Phelan*
Robin Phelan