FILED
MAR 05 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | **CASE NO. 21-31954-swe11** |
| **2999TC ACQUISITIONS, LLC,** | § | |
| | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**MOTION REQUESTING UNITED STATES TRUSTEE POSITION AND (IF APPROPRIATE) JOINDER IN OBJECTION TO ENTRY OF FINAL DECREE, AND TO DEFER RULING PENDING U.S. TRUSTEE RESPONSE**

Timothy L. Barton ("Movant"), a party in interest, respectfully moves the Court for entry of an order requesting that the United States Trustee (the "U.S. Trustee") state its position regarding the pending Motion for Entry of Final Decree (Dkt. 307) and (if appropriate) join in, supplement, or otherwise support Movant's Objection to entry of a final decree. Movant further requests that the Court defer ruling on the Final Decree Motion until the U.S. Trustee's position is filed and considered.

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding under 28 U.S.C. § 157(b) to the extent it concerns administration and closure of the estate.

## II. BACKGROUND

1. The Receiver has filed a Motion for Entry of Final Decree seeking to close this Chapter 11 case. (Dkt. 307).

2. Movant has filed an Objection contending that the case is not "fully administered" within the meaning of 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022, including because issues remain regarding (i) whether estate value tied to the Debtor's principal asset and related claims was converted into a $2.5 million payment stream in connection with the HNGH settlement and routed to another estate; (ii) whether any compromise/disposition affecting this Chapter 11 estate has been properly presented and approved under Federal Rule of Bankruptcy Procedure 9019; (iii) whether a final accounting sufficient to demonstrate complete administration has been provided; and (iv) whether related appellate proceedings and disputes counsel against closing the case at this time.

## III. ARGUMENT

### A. A Final Decree Requires a "Fully Administered" Estate Under Rule 3022 and 11 U.S.C. § 350(a).

Under 11 U.S.C. § 350(a), a case may be closed only after the estate is "fully administered." Federal Rule of Bankruptcy Procedure 3022 implements that requirement for Chapter 11 cases. Movant's objection identifies unresolved administration and accounting issues that bear directly on whether this case is fully administered.

**B. The U.S. Trustee Has a Statutory Oversight Role in Chapter 11 Case Administration.**

Congress has charged the U.S. Trustee with supervising the administration of cases under Chapter 11. See 28 U.S.C. § 586(a)(3). Given the issues presented in the objection—including the absence of a noticed Rule 9019 motion/order for any compromise or disposition affecting the Chapter 11 estate and the need for a clear record as to any final accounting—Movant respectfully requests the U.S. Trustee's position so that the Court can evaluate whether entry of a final decree is procedurally and substantively appropriate.

**C. The Court Should Defer Ruling on the Final Decree Motion Pending the U.S. Trustee's Response.**

Because entry of a final decree would close the case and may impair effective oversight of unresolved administration and accounting issues, Movant requests that the Court defer ruling on the Final Decree Motion for a brief period and direct the U.S. Trustee to file a statement of position within a specified deadline.

## IV. REQUESTED RELIEF

Movant respectfully requests that the Court enter an order:

1. Directing the U.S. Trustee to file, within seven (7) days (or such other period as the Court deems appropriate), a statement of position regarding whether entry of a final decree is appropriate at this time;

2. Authorizing the U.S. Trustee to join in, supplement, or otherwise support Movant's objection as the U.S. Trustee deems appropriate;

3. Deferring ruling on the Motion for Entry of Final Decree (Dkt. 307) until the U.S. Trustee's position is filed and considered; and

4. Granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Timothy L. Barton
**Timothy L. Barton, Pro Se**
3926 Vista Woods Drive
Carrollton, TX 75007
**Phone: (214) 673-8714**
**Email:** timothy.barton@proton.me

## CERTIFICATE OF SERVICE

I certify that on March 04, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties entitled to notice. To the extent any party is not a registered CM/ECF user, service was additionally made by email and/or U.S. Mail as reflected in the service list maintained for this case.

*/s/ Timothy L. Barton*
Timothy Barton, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | **CASE NO. 21-31954-swe11** |
| **2999TC ACQUISITIONS, LLC,** | § | |
| | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**ORDER ON MOTION REQUESTING UNITED STATES TRUSTEE POSITION AND (IF APPROPRIATE) JOINDER IN OBJECTION TO ENTRY OF FINAL DECREE, AND TO DEFER RULING PENDING U.S. TRUSTEE RESPONSE**

**IT IS ORDERED** that the Motion Requesting United States Trustee Position and (If Appropriate) Joinder in Objection to Entry of Final Decree is **GRANTED** as follows:

1. The United States Trustee shall file a statement of position regarding the Motion for Entry of Final Decree (Dkt. 307) within seven (7) days of entry of this Order (or such other deadline as stated herein).

2. The Court will defer ruling on the Motion for Entry of Final Decree (Dkt. 307) until the U.S. Trustee's position is filed and considered.

3. The U.S. Trustee may, as it deems appropriate, join in or supplement the pending objection to entry of final decree.

SO ORDERED.

Signed: ______________________________
United States Bankruptcy Judge