**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **Case No. 21-31954** |
| | § | |
| **Debtor.** | § | **Chapter 11** |
| | § | |
| **CORTNEY C. THOMAS** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | **3:25-cv-1949-X** |
| **PHELANLAW,** | § | |
| | § | |
| **Respondent.** | § | |

**RECEIVER'S RESPONSE REGARDING BARTON'S RECENT FILINGS**

Receiver Cortney C. Thomas files this response regarding two filings recently made by Timothy L. Barton in the underlying bankruptcy proceeding.

On March 5, 2026, Mr. Barton filed (1) an Objection to Receiver's Motion for Entry of Final Decree Closing Chapter 11 Case [Dkt. 13-1] and (2) a Motion Requesting United States Trustee Position and (If Appropriate) Joinder in Objection to Entry of Final Decree and to Defer Ruling Pending U.S. Trustee Response [Dkt. 14-1] in the bankruptcy case *In re 2999TC Acquisitions, LLC*, Case No. 21-31954-swe11 (Bankr. N.D. Tex.). Bankr. Dkts. 355, 356. On March 16, 2026, Mr. Barton also filed a request to set his objection for hearing. Bankr. Dkt. 361.

These filings are procedurally improper. The deadline for objections to the Final Decree Motion expired more than two and a half years ago,[1] and Mr. Barton has not sought or obtained

[1] The Receiver filed the still-pending Motion for Final Decree [Bankr. Dkt. 307] on June 14, 2023. The deadline to file an objection therefore expired 24 days later, on July 10, 2023. *See* N.D. Tex. Bankr. L.R. 7007-1(e) ("A response and brief to an opposed motion shall be filed within 24 days from the date the motion is filed.").

leave to file an untimely objection. His newly filed objection therefore does not comply with the bankruptcy court's prior scheduling and objection deadlines.

In addition, Mr. Barton lacks standing to challenge the Receiver's Final Decree Motion. The motion concerns administration and closure of the bankruptcy estate, and Mr. Barton (who is not the debtor, trustee, or estate representative) does not possess a legally cognizable interest that would confer standing to object to entry of a final decree in the case. *See In re Orchard at Hansen Park, LLC*, 347 B.R. 822, 824 (Bankr. N.D. Tex. 2006) (holding that a former manager of the LLC debtor "is not a party in interest per Rule 1112(b) and does not have standing to challenge" actions taken in the bankruptcy case on behalf of the LLC debtor) (citing 11 U.S.C. § 1112(b)); *see also Matter of 2999TC Acquisitions, L.L.C.*, No. 23-10648, 2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024) (dismissing Barton's appeal from proceedings arising out of this same bankruptcy case for lack of appellate standing because he was a non-party and "a stranger to the proceeding below" who had not intervened).

To the extent the Court elects to consider Mr. Barton's filings notwithstanding these defects, the arguments Mr. Barton raises regarding the merits of the Final Decree Motion are already adequately addressed in the Receiver's pending Motion for Entry of Final Decree and in the recent briefing on the motion for summary judgment. Those matters are fully briefed and before the Court, and Mr. Barton's untimely filings do not warrant additional briefing.

The Receiver submits this response to inform the Court of these filings and their procedural deficiencies and to do so as efficiently as possible without unnecessarily expending additional Receivership resources. Should the Court determine that further response would be helpful, the Receiver will promptly submit additional briefing at the Court's direction.

DATED: March 16, 2026

Respectfully submitted,

**BROWN FOX PLLC**

By: */s/ Andrew C. Debter*
Andrew C. Debter
State Bar No. 24133954
andrew@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
alan@brownfoxlaw.com

8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Fax: (214) 327-5001

***Counsel to Receiver for Reorganized Debtor 2999TC Acquisitions, LLC***

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Andrew C. Debter*
Andrew C. Debter