FILED

MAR 16 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-swe11** |
| | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**REQUEST TO SET HEARING ON OBJECTION OF TIMOTHY L. BARTON, PARTY IN INTEREST, TO RECEIVER'S MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE [DKT. 307]**

**COMES NOW,** Timothy L. Barton ("Barton"), pro se and as a party in interest, and respectfully requests that the Court set a formal hearing on (i) the Receiver's Motion for Entry of Final Decree Closing Chapter 11 Bankruptcy Case [Dkt. 307] (the "Final Decree Motion") and (ii) Objection of Timothy L. Barton, Party in Interest, to Receiver's Motion for Entry of Final Decree Closing Chapter 11 Case. [Dkt. 396].

## I. RELIEF REQUESTED

Barton respectfully requests that the Court:

a) Set the Final Decree Motion [Dkt. 307] and Barton's Objection [Dkt. 396] for hearing at the Court's earliest convenience (in person or by the Court's normal remote/hearing procedures);

b) Establish a reasonable response and reply schedule, if the Court deems additional briefing appropriate; and

c) Defer entry of any final decree closing this Chapter 11 case unless and until the Objection is heard and resolved, and the Court enters further order.

## II. BACKGROUND (SUMMARY)

The Final Decree Motion seeks to close this Chapter 11 case on the theory that the estate has been "fully administered" and that "no assets remain." As explained in the Objection, however, the Debtor's principal asset was the 2999 Turtle Creek Boulevard property (the "Property"), and the Receiver later entered into a settlement with HNGH Turtle Creek, LLC ("HNGH") in the SEC receivership that provides for a $2.5 million payment stream in exchange for HNGH keeping the Property and receiving broad releases. The Objection asserts that this settlement monetizes estate property and/or estate causes of action while diverting the only cash consideration away from this Chapter 11 estate, without Bankruptcy Rule 9019 process in this Court on notice to this estate's creditors and parties in interest.

## III. GROUNDS FOR HEARING (GOOD CAUSE)

This is a contested matter under Fed. R. Bankr. P. 9014. Good cause exists to set a hearing because the Court's decision on whether to enter a final decree turns on disputed legal and factual issues that materially affect the rights of parties in interest, including at least the following:

1) Whether this Chapter 11 estate can be deemed "fully administered" under 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 where a significant asset and related rights were resolved through a settlement that provides cash consideration but routes that consideration outside this bankruptcy estate;

2) Whether the Final Decree Motion may be used as a vehicle to "approve" or effectively bless the HNGH settlement (or any component of it) absent a properly noticed motion under Fed. R. Bankr. P. 9019 and the findings required for approval of compromises affecting estate property;

3) Whether the $2.5 million settlement payments and any related rights constitute property of this bankruptcy estate and/or proceeds of estate property or estate causes of action that must be administered for the benefit of this estate (including its creditors); and

4) Whether creditors and parties in interest have received the process required by the Bankruptcy Code and Rules before the estate is declared fully administered and the case closed.

## IV. SPECIFIC REASONS SUPPORTING A HEARING

**A. The case is not "fully administered" on this record.**

The Objection explains that the Property was acquired for approximately $43 million, financed by a $32.5 million secured note, and was later appraised at approximately $72.5 million. The Receiver's settlement with HNGH resolves disputes concerning ownership, debt, and related claims, yet the settlement's cash consideration ($2.5 million) is directed to the SEC receivership rather than administered through this Chapter 11 estate. Those facts present administration issues that warrant a hearing before any final decree is entered.

**B. Creditors have not been paid and the requested closure would prejudice parties in interest.**

As set out in the Objection, this is not a typical "consummated plan" closing with completed distributions. The Final Decree Motion's request for closure would cut off meaningful scrutiny of what remains to be administered and would materially affect the rights of creditors and parties in interest.

**C. Rule 9019 process has not been provided in this Court.**

The Objection notes that the Final Decree Motion asks, in substance, that the final decree operate as approval of the HNGH settlement "to the extent the Court deems necessary or appropriate." Dkt. 396, ¶ 12 & 27. A hearing is necessary because compromises affecting estate property are

ordinarily vetted under Rule 9019 on notice to creditors and parties in interest, with findings that the compromise is fair and equitable to this bankruptcy estate.

**D. The "no assets remain" assertion is disputed.**

The Objection disputes that "no assets remain," pointing to the $2.5 million settlement payments and related rights as economic value generated from the Property and associated claims. Whether those payments and rights are estate property or proceeds for this estate is an issue the Court should address on a developed record at hearing.

**E. Case-management and equity considerations favor a hearing and deferral of closure.**

The Objection further explains that related proceedings remain pending and that maintaining the status quo imposes minimal burden compared to the prejudice that could result from closing the case while material issues remain unresolved. A hearing will allow the Court to set an orderly procedure and decide whether closure should be deferred.

## V. REQUESTED SETTING AND PROCEDURE

Barton respectfully requests that the Court set this matter for hearing and, pending that hearing, defer entry of any final decree closing this case. Barton further requests that the Court set any response deadline the Court deems appropriate and permit the parties to address the issues identified above at the hearing.

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se
3926 Vista Woods Drive
Carrollton, TX 75007
Phone: 214-673-8714
Email: Timothy.Barton@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing Request to Set Hearing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered to receive electronic notice in this case.

/s/ Timothy L. Barton
Timothy L. Barton, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 2999TC ACQUISITIONS, LLC, | § | CASE NO. 21-31954-swe11 |
| | § | |
| Debtor. | § | CHAPTER 11 |

# [PROPOSED] ORDER GRANTING REQUEST

# TO SET HEARING ON PENDING OBJECTION TO FINAL DECREE MOTION

CAME ON for consideration the Request to Set Hearing filed by Timothy L. Barton, Party in Interest (the "Request"). The Court, having considered the Request, finds that good cause exists for the relief requested.

IT IS ORDERED that a hearing on (i) the Receiver's Motion for Entry of Final Decree Closing Chapter 11 Bankruptcy Case [Dkt. 307] and (ii) Barton's Objection thereto [Dkt. 396] is SET for:

**Date:** ______________________________

**Time:** ______________________________

**Location:** United States Bankruptcy Court, Northern District of Texas, Dallas Division, or as otherwise directed by the Court.

IT IS FURTHER ORDERED that any response to the Objection and/or supplemental briefing shall be filed by ________________________.

IT IS FURTHER ORDERED that the Court will defer entry of any final decree closing this case until after the hearing and further order of the Court.

**### END OF ORDER ###**

**By the Court:**

______________________________ Date Signed

______________________________ United States Bankruptcy Judge